UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #.
DATE FILED: 7/24/15

-------------------------------------------------------X

SOLANGE CHADDA,                             :

                Plaintiff,          :

        -against-                      :   **REPORT AND RECOMMENDATION**

GULFSTREAM PARK CORP., NESTOR        :      14-CV-8906 (LAK) (KNF)
CACCALLARES, GULFSTREAM PARK WEST,
BILL BADGETT, TRACEY BADGETT, JOSE    :
PENA, SHERIFF MARION COUNTY JAIL,
OCALA, FL 344475,                           :

             Defendants.           :

-------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LEWIS A. KAPLAN, UNITED STATES DISTRICT JUDGE

## BACKGROUND

Plaintiff Solange Chadda, proceeding pro se, alleged in her second amended complaint

that the defendants discriminated against her, committed "rape as slavery," conspired against

her, harassed her sexually "in the workplace," violated the Hobbs Act and Title VII of the Civil

Rights Act of 1964, and committed "Rapes, sex abuse, sex slavery estortion [sic], racketerism

[sic] and killing, murdering three horses and two Human beings." Before the Court is a motion

to dismiss the second amended complaint, pursuant to Rules 8(a), 10(b), 12(b)(6) and 12(f) of

the Federal Rules of Civil Procedure, made by Gulfstream Park Corp., Gulfstream Park West,

Nestor Caccallares, Bill Badgett and Tracey Badgett (the "defendants")[1]. The plaintiff

responded to the defendants' motion with a document entitled "Motion to strike defendant's

---

[1] Jose Pena was not served with the summons and complaint.

1

motion."

The defendants contend that the second amended complaint contains only "generalized allegations and does not include sufficient factual claims to permit Defendants to deduce what allegations are directed to which Defendant." They assert that, to the extent the plaintiff seeks relief for the alleged murder of two unnamed people, these claims must be dismissed with prejudice because, under New York's Wrongful Death statute, only the personal representative of a decedent may commence an action and the plaintiff failed to name the persons allegedly murdered and allege that she is their personal representative.

Concerning the plaintiff's claim for employment discrimination or sexual harassment under Title VII of the Civil Rights Act of 1964, the plaintiff failed to file a timely charge with the Equal Employment Opportunity Commission and to allege that she was employed by any of the defendants. The defendants assert that the claim of "sex slavery" is not viable because the plaintiff failed to plead a violation of the Thirteenth Amendment, as she did not allege facts sufficient to explain the nature of her involuntary servitude or specify the defendant who forced her into involuntary servitude or any acts "that could conceivably constitute a deprivation of her personal freedom and liberty."

According to the defendants, the purported claims for violating the Hobbs Act and the Hate Crimes Prevention Act are not viable because those statutes do not create a private right of action. The defendants maintain that the purported claim for "killing, murdering three horses" is not viable because, assuming the plaintiff meant to assert a conversion claim, she did not allege the ownership of the animals or that she was damaged by their alleged "murder." The defendants contend that the plaintiff's purported civil rights conspiracy claim is not viable because she failed to plead it with the requisite specificity, since she did not explain how the

alleged participants conspired against her, the acts perpetrated by the alleged participants or how the corporate defendants would be liable for a conspiracy.  Furthermore, the defendants assert that the second amended complaint should be dismissed because it does not contain numbered paragraphs, making it unduly burdensome to respond to it.  The defendants contend that leave to amend the complaint need not be granted because the proposed second amended complaint does not cure deficiencies in the prior complaint and is devoid of any non-conclusory allegations. Given that the plaintiff's previous, similarly flawed complaint was dismissed, allowing another amendment would be futile and unfairly prejudicial to the defendants.  Moreover, according to the defendants, the purported affidavits of "Danny" and "Ramon Lun," included in the complaint, should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, because they are scandalous and unsworn.  In response to the defendants' motion, the plaintiff makes additional allegations, seeking to strike the defendants' motion.

## DISCUSSION

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'"  Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"Conclusory allegations that the defendant violated the standards of law do not satisfy the need for plausible factual allegations."  Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 191 (2d

Cir. 2010) (citing <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1965).  On a motion pursuant to Rule

12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences

are drawn in the plaintiff's favor.  <u>See</u> <u>Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n</u>,

655 F.3d 136, 141 (2d Cir. 2011).

Apart from conclusory assertions, the second amended complaint is hardly

comprehensible and devoid of any factual allegations from which a reasonable inference could

be drawn that the defendants are liable for the alleged misconduct.  Conclusory allegations are

not sufficient, without more, to state a claim to relief that is plausible on its face.  The Court

finds that the plaintiff failed to state a claim upon which relief can be granted.  The plaintiff's

"Amended Complaint III," filed without authorization subsequent to the defendants' motion, did

not cure factual deficiencies articulated by the defendants in their motion.  Thus, allowing the

plaintiff to amend her complaint would be futile and would unfairly prejudice the defendants.

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendant's motion, Docket Entry No.

24, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  <u>See also</u> Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

Lewis A. Kaplan, 500 Pearl Street, Room 2240, New York, New York, 10007, and to the

chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007.  Any

requests for an extension of time for filing objections must be directed to Judge Kaplan.  ***Failure***

*to file objections within fourteen (14) days will result in a waiver of objections and will*

*preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v.

Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York        Respectfully submitted,
      July 24, 2015

                                        KEVIN NATHANIEL FOX
                                        UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Solange Chadda